RECEIVED

OCT 30 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID M. BOSWELL, JR., Plaintiff; | CASE NO.: #1:16-cv-09070 |
| -vs- | |
| LT. SULLIVAN, et al., Defendants. | THE HONORABLE, JOHN ROBERT BLAKEY, JUDGE PRESIDING. |

## AMMENDED TITLE 42 SECTION 1983 COMPLAINT:

I, David M. Boswell Jr., I.D.O.C.# R47066, Plaintiff, pro-se, do hereby ammend the original complaint filed in this cause, case no.: #1:16-cv-09070, and in support and furthurance do here by state and submitt the following:

# I. PLAINTIFF:

A.) Name: David M. Boswell Jr.
Aliases: "Big Country" or "Country"
Prison Identification Number: # R47066
Place Of Present Confinement: Pontiac Corr. Center (P.C.C.)
Address: P.O. Box, 99, Pontiac, IL. 61764

# II. DEFENDANTS:

A.) Defendant: Sullivan
Title: Lieutenant
Identification Number: # (Unknown)
Place Of Employment: Stateville Corr. Center (S.C.C.)
Address: 16830 S. Broadway St., P.O. Box 112, Joliet, IL. 60434

B.) Defendant: N. Lamb
Title: Chief Administrative Officer
Identification Number: # (Unknown)
Place Of Employment: S.C.C.
Address: 16830 S. Broadway St., P.O. Box 112, Joliet, IL. 60434

C.) Defendant: Karen Rapedeau
Title: Placement Officer

Identification Number: # (Unknown)
Place Of Employment: S.C.C.
Address: 16830 S. Broadway St., P.O. Box 112, Joliet, IL. 60434

D.) Defendant: T. Scott Keen
Title: Administrative Review Board
Identification Number: # (Unknown)
Place Of Employment: Illinois Dept. Of Corrections (I.D.O.C.)
Address: 1301 Concordia Ct., P.o. Box 19277, Springfield, IL. 62794

E.) Defendant: John R. Baldwin
Title: I.D.O.C. Director
Identification Number: # (Unknown)
Place Of Employment: I.D.O.C.
Address: 1301 Concordia Ct., P.o. Box 19277, Springfield, IL. 62794

## III. STATEMENT OF CLAIM:

A.) As this claim arrises from an incident which occurred while I was incarcerated at S.C.C., involves, directly, employees of S.C.C. and individuals who where employed by S.C.C. at the time of the incident, on 3-31-15, it is this Honorable Court in which proper jurisdiction lies.

B.) On the date of 12-23-14 I was transferred From

P.C.C. to S.C.C., and five days after arrival, on 12-28-14, at S.C.C. I was called to the Investigations Unit (or I/A as they are commonly called) after they received a call from my mother. I left their office and went directly to "X" House where I was to be housed while I awaited approval for protective custody (P.C.), as I was unsafe in with general population (g.p.) inmates. I remained in "X" House unapproved p.c. until the date of 2-15-15.

C.) On the date of 2-15-15 I received a falsified disciplinary report (ticket) and was taken to "F" House segregation (seg.).

D.) Originally, upon arriving in "F" House seg., I was in a cell by myself, but on or about the next day I was placed in a cell with another inmate who was simmilarly on a hunger strike and came to seg. from "X" House unaproved p.c. as I had.

E.) As it stood then, and to the best of my knowledge, still stands currently, it is common policy and/or practice to completly disregard an inmate's need for safety from general poplation (g.p.) inmates if that inmate finds himself in seg. This is an aspect

from my grievance and original complaint which sadly was over-looked and the defendants responsible dismissed, but it is a key component in why I was able to be indangered as I was and needs adjudicated in hopes that others are not injured or worse in the future.

1.) In my being taken directly to "X" House to await approval for p.c. on 12-28-14 and not even allowed back to my cell to pack and receive my property it is evidenced that my need for safety was apparent even then and it was a real enough need that I couldn't even be allowed back around g.p. inmates to retrieve my property, it was brought to me in "X" House.

2.) I had been in "X" House awaiting p.c. approval, which was eventially granted, until 2-15-15. My going to seg. under temporary confinement nor to serve seg. time should never have caused me to forfit a very real and substantial need and right to be free from harm. No inmate should have their life and wellbeing jeperdized as a means to punish or even as a result of punishment.

3.) Both then and now, there are no systems or policies in place to protect the lives and wellbeings of any inmate who is punished with seg., temporary confinement in seg. or investigative status. Their safety needs are all but

forgotten/forfitted and they are placed in with g.p. inmates for the duration of their punishment.

4.) There is no safe access for inmates, who are unsafe in the vacinity of g.p. inmates, for recreation, medical, cell assignments, mental health treatment, or literally any other form of movement. This cannot be allowed to continue and it is at the hands of defendants like S.C.C.'s Placement Officer Karen Rapedeau and Chief Administrative Officer N. Lamb that responsibility lies on the institutional level. The fact is simple, the institutions Placement Officer is the first person tasked by the Chief Admin. Officer (C.A.O.) of a particular institution to ensure an offender is housed in a safe place. If policy needs addressed or reviewed so to ensure an inmate can be housed safely and constitutionally it is the Placement Officer's duty to address this with the C.A.O. as the C.A.O. is the highest ranking official in a given institution and has all but unchecked authority (within reason) to create and ensure policy is in place and enforced to house all inmates in a safe and constitutional manner.

5.) If the Placement Officer and C.A.O. fails in their duties to address safety issues as what played a key factor in my incident an inmates only recorse is through the grievance proceedure which once it leaves the institutional

level as mine did it then falls on the Administrative Review Board (A.R.B.) person, Defendant T. Scott Keen, to remedy or begin the process of remedying the issue on a Statewide, Departmental, level so that all inmates in the State of Illinois who have a need of protection from g.p. inmates can be housed and their rights to certain movements (recreation, medical, etc...), even if in a limited disciplinary setting, can be provided for in a safe and constitutional manner. As this issue left the institutional level and he received my grievance (Exhibit A-C (A is Confidential)) it then became Defendant T. Scott Keen's duty to handle all of the issues raised therein and to bring his recomendations befor I.D.O.C.'s Director, Defendant John R. Baldwin. As I.D.O.C.'s Director, Defendant Baldwin is the highest ranking employee in the State of Illinois for I.D.O.C. and his ultimate duty is to make and enforce policy governing all of Illinois Prisons so to ensure that every prison is run constitutionally and I.D.O.C. inmates are housed as safely as possible. Being that his own signature can be found with Defendant Keen's on Exhibit C, in relation and response to my grieved issues, it is documented that he was aware, from my grievance, that this issue of inmates in need of protection prior to any disciplinary proceedings forfitting their process and protections from g.p. inmates for the duration of their discipline. Discipline should never caust an

inmate his safety!

6.) This issue of policy and subjecting an inmate to potential physical/emotional harm or even potential loss of life by causing his process of seeking p.c. to be forefitted in favor of punishment or even removing an inmate from p.c. as a result of punishment imposed is an issue that very badly needs to be addressed and was raised in my grievance, so it fulfills the P.L.R.A.'s exhaustment requirements and hopefully by my spending this time on it here in this Ammended Complaint it will not be overlooked nor its Defendants dismissed again as they are the responsible parties in this by way of their supervisory rolls and/or holding positions in which this particular issue falls squarely under their duties. This issue is a key factor in this complaint as without it I'd never have been in a housing assignment where a possibility of jepordy to my life and wellbeing would've existed.

F.) On the date of 3-31-15 I was celled with inmate Maholmes #K72116 at S.C.C., "F" House, #1 Gallery, Cell #6. As all of the facts pertenant to the issue of deliberate indifferance, for the actual altercations themselves and who /when individuals were told of everything, are layed out in detail in my grievances and Mr. Maholme's own Declaration I would at this time like to request the following exhibits

be reviewed: Exhibit A, D, E, and F (All Labled Confidential).

G.) Exhibits marked B, C, G, H, and I are all supporting exhibits for the beginning of this (mainly portion E) Statement of Claim section.

H.) Exhibits marked J-O are documents that I believe to possibly be relevent as it shows (Exhibits J and K) how S.C.C. employee's made an attempt at falsifying information to cover up the deliberate indifference exhibited by other staff members. Exhibits L-O are showing my attempts at obtaining/preserving evidence material to the factual claims made herein.

I.) All named defendants are being sued in their Individual and Official Capacities as I am not only seeking monitory compensation but injunctions requiring policy changes also.

J.) Lastly, it should be noted that a jury trial is here by formally and respectfully demanded by this Plaintiff.

## IV. RELIEF:

A.) Damage Awards For Injuries/Pain and Suffering in the amount of $20,000.00

B.) Injunctions sufficient to cause those I.D.O.C. employees who have the proper authority to change and/or create policy effecting all Illinois Prisons in the following manners:

1.) Inmates who have need of protective custody and have alerted institutional staff to their need are to be seperated from general population inmates even if they are in segregation status at the time of their allerting staff to their safety needs.

2.) Policy changes made and implemented so that any inmate who allerts staff to a potential hostile or even physically violent celling issue be removed immedioutly from that cell until an investigation into the claims can be either substantiated or factually disproven, and after such time/investigation proper action be taken to ensure inmate safety.

3.) If an inmate is currently undergoing review for approval for p.c. and receives a ticket which causes him to be placed in seg. for temporary confinement, investigation or to serve a seg. term for punishment that the process of his review for approval of p.c. not be stopped or otherwise hindered and he continue to be kept seperate from all g.p. inmates even in seg. until said review is approved or denied.

If approved then he be housed with other approved p.c. inmates, if not and he does not grieve the denial or else was denied by the A.R.B. then he be returned to g.p. seg. status for the duration of his seg. term.

4.) For inmates prieviously approved p.c. prior to their receiving a ticket which results in their being placed in seg. for either temporary confinement, investigation, or to serve a disciplinary seg. term to not be housed with g.p. seg. inmates but to continue in their approved p.c. status even in seg.

5.) For specific cells to be set aside in a seg. housing unit in all I.D.O.C. Facilities to house unapproved and approved protective custody inmates seperately from all general population segregation inmates, and for these individuals to attend all movements (recreation, medical, mental health, etc...) with other inmates in like status as them so that their safety can be ensured even while they serve their imposed disciplinary, or other seg. terms.

## V. CERTIFICATION:

By signing this complaint, I, David M. Boswell Jr., I.D.O.C. #R47066, Plaintiff, pro-se, do certify that the facts stated in this complaint are true to the best of my knowledge, information

and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 22nd day of October, 2017.

[signature]

David M. Boswell Jr. (Plaintiff)
I.D.O.C. # R47066
Pontiac Corr. Cntr.
P.O. Box 99
Pontiac, IL. 61764

Confidential

Exhibit A

F706

ILLINOIS DEPARTMENT OF CORRECTIONS

# OFFENDER'S GRIEVANCE

| Date: 04-01-15 | Offender: (Please Print) David M. Boswell Jr. | ID#: K47066 |
|---|---|---|
| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ ADA Disability Accommodation
- ☐ HIPAA
- ☐ Other (specify): ____________

☐ Disciplinary Report: ___/___/___ (Date of Report) ____________ (Facility where issued)

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:**

**Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.**
**Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.**
**Chief Administrative Officer, only if EMERGENCY grievance.**
**Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.**

**Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):** I am formally filing this grievance under D.R. 504 for filing a grievance. This grievance is over the deliberate indifferance by Lt. Sullivan and C/o Muñez, badge numbers unknown at the time, of my personal safety and over-all well being. On 03-31-15 at or about 7:00 p.m. Lt. Sullivan passed my Vegan diet trey threw the door into my cell, F/1-06, and before he could walk away I stopped him and told him that I had come to segregation from X-House where I had went to check into protective custody (P.C.) after leaving my former gang and telling on some people and that my celly did not appreciate that and I therefore needed to be moved before a situation could occurr. During my telling him this the only thing he said was, "So what are you asking", and I again and more clearly stated my need for a new cell seperate of my then celly so that no altercation could take place. Lt. Sullivan did not respond to this, he simply walked away and never returned to my cell. It is verifiable by the cellhouse cameras that a discussion was held with Lt. Sullivan after he placed my Vegan diet trey in my chuck and resecured the chuck door.

At approximately 9:30 pm. that night I attempted to place outgoing mail in the door in which was mail to Mrs. Rapedaue, placement, and to I/A addressing my need to be moved for safety conscerns and the fact that Lt. Sullivan had been informed but did nothing. In my attempting to do this my then celly (hereafter refferred to as celly) took the letter to Mrs. Rapedaue in placement but did not yet know of the letter to I/A because I had hidden it in outgoing mail, either a visitors or phone list, to the counselor. When he read this letter to Mrs. Rapedaue he became extremely aggrivated because I was "snitching" on him by seeking to go through the proper proceedures to avoid conflict and be moved. He made many threats on my life and physical well being but at that moment did not act on them. I waited until he sat back down and went to place my offender visitors and phone lists back in the door, one of which contained a letter to I/A addressing the issue addressed in the letter to Mrs. (ON BACK!

**Relief Requested:** The relief I am requesting is that the policies reguarding segregation Inmates who require protective custody be changed to provide for their safety in cell assignments, recreation, and all movement outside of the cell. My having "snitched" and went to X-House to await p.c. approval is at the heart of my celly's motives and he has expressed as much to me. I am also asking for the termination of Lt. Sullivan and C/o Muñez because of their deliberate indifferance to my safety and (ON BACK-

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

David M. Boswell Jr. (Offender's Signature) #K47066 (ID#) 04/01/15 (Date)

(Continue on reverse side if necessary)

## Counselor's Response (if applicable)

Date Received: 4/30/15 ☐ Send directly to Grievance Officer ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

**Response:** Contacted Lt. Sullivan for a statement. Lt Sullivan states, "I never had any such conversation with I/M Boswell about his cellee... just that he gets a Vegan tray. Munoz does not recall it either

Tim Duvell (Print Counselor's Name) Tim Duvell (Counselor's Signature) 5/4/15 (Date of Response)

## EMERGENCY REVIEW

Date Received: ___/___/___ Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

____________ Chief Administrative Officer's Signature ___/___/___ Date

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE (Continued)**

Rapedaue. He did not want any mail to be placed in the door without his first inspecting it so I pushed it out onto the gallery where he couldn't get it. He then called over the cellhouse worker, and fellow G.D. gang member, known as "M.G." to get my mail and search it for a letter to I/A. M.G. did this and this can be verified by viewing the cellhouse cameras. M.G. is also yet to be repremanded or disciplined for his roll in this matter which further shows this institution's lack of regaurd for inmate safety. While M.G. was retrieving the letter to I/A for my celly my celly attacked me by punching me in the head and I responded by physically restraining him from doing me further harm. Shortly there after I let him go and we began packing.

While packing I was watching for a C/O to walk by and when C/O Muñez did I stopped him, this too is verifiable by cellhouse cameras, and I informed him that me and my celly had been in a fight and I needed moved before another altercation occurred. He said he would let Lt. Sullivan know and continued on. C/O Muñez nor Lt. Sullivan never revisited my cell, and judging from the surprise by the third shift staff I can only assume never let any superior know of the situation. It was after C/O Muñez left that my celly then declared that the fight was not over and came to attack me again. I responded by attempting to stomp on his leg when he came in on me. It was at that time he pulled a sock which contained an adapter from his waist and began to swing it at me. I was struck multiple times but only twice worth note, once in the arm by my right elbow and the most severe was in the head. Had I had been struck hard enough or with the recepticle prongs I could've been killed. After striking me in the head and causing and open gash he stopped swinging the adapter. I now enraged by the disreguard for my life and the bodily harm I endured I charged him and the fight continued. In the insuing tussle I received more, less significant injuries. The majority of my injuries were later photographed and the rest should be mentioned in my medical files due to treatment rendered.

Due to my twice being attacked and once with a weapon which could have killed me, and in fact did do severe bodily harm, it should be clear that my having previously informed Lt. Sullivan of the impending threat of violence and need for help was not only substantial but valid. Had Lt. Sullivan not shown deliberate indifferance to my safety needs none of this would have happened. Had C/O Muñez not aided in the deliberate indifferance by not ensuring my safety after being informed an altercation had just occurred and recurrence appeared imminent, my being assaulted with a weapon that could have killed me and sustaining a head wound that will leave a permenant disfigurement would not have happened. I also would not now be facing further time in segregation and loss of what little liberties I do enjoy while incarcerated. Because of my continued need for protection from my former gang and their allies and the lack of any protective measures to allow me to safely attened yard I am even unable to go to yard while I am in segregation. Not to mention the same lack of safeguards to protect me while I'm out of my cell going to receive medical treatment or other general movement. The lack of concern by this institution and certain staff herein for my personal safety and well being is an ongoing problem. This time I suffered with a traumatic head injury. Is it going to take my life before people realize I do have the right to be protected?

Relief Requested Continued: well being and the fact that it is only by God's grace it did not caust me my life. If neither of the above is acceptable I will settle for no less than $175,000.00 in total compensations.

ILLINOIS DEPARTMENT OF CORRECTIONS
RESPONSE TO COMMITTED PERSON'S GRIEVANCE

X-LW010

Exhibit B

**Grievance Officer's Report**

Date Received: 5/18/15 Date of Review: 7/20/15 Grievance # (optional): 1966

Committed Person: David Boswell ID#: R47066

Nature of Grievance: Protective Custody Issues

Facts Reviewed: Grievant claims on 3/31/15 he contacted Lieutenant Sullivan and Officer Munoz about issues he was having with his cellmate and requested Protective Custody. He wants the policies changed regarding segregation inmates requesting protective custody. Termination of above names employees and monetary compensation.

Per Counselor Duvall, Lieutenant Sullivan stated he never had any such conversations with the grievant concerning protective custody/issues with his cellie. Lieutenant Sullivan stated he only remembers speaking to the grievant about a Vegan tray. Officer Munoz recalls no such conversation with the grievant.

Grievance Officer finds that grievant was in segregation at the time he states he needed Protective Custody. Grievant would have to wait until he gets of segregation to request Protective Custody. Per OTS, grievant was moved to Protective Custody on 6/15/15 which was the day he was released from segregation. Grievant has no authority to recommend termination of employees.

Recommendation: No issue. There does not appear to be any justification for any monetary awards.

Anna McBee, CCII — Print Grievance Officer's Name
Anna McBee — Grievance Officer's Signature

(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

**Chief Administrative Officer's Response**

Date Received: 7/23/15 ☒ I concur ☐ I do not concur ☐ Remand

Comments:

N Lamb LMS — Chief Administrative Officer's Signature 7/23/15 — Date

**Committed Person's Appeal To The Director**

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. **(Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)**

Committed Person's Signature ID# Date

B

Bruce Rauner
Governor

Exhibit C

John Baldwin
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender Name: Boswell, David

Date: 02/22/2016

Register # R47066

Facility: Pontiac

This is in response to your grievance received on 8/5/2015. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

**Your issue regarding: Grievance dated:** 04/01/15 **Grievance Number:** 1966 **Griev Loc:** Stateville

- O Transfer denied by the Facility or Transfer Coordinator
- O Dietary ____
- O Personal Property ____
- O Mailroom/Publications ____
- O Assignment (job, cell) ____
- O Commissary ____
- O Trust Fund ____
- O Conditions (cell conditions, cleaning supplies)
- O Disciplinary Report dated ____ Incident # ____
- X Other Staff Conduct / Lt. Sullivan + C/O Munez

**Based on a review of all available information, this office has determined your grievance to be:**

- O Affirmed, Warden ____ is advised to provide a written response of corrective action to this office by ____.
- O Denied, in accordance with DR504F, this is an administrative decision.
- X Denied, this office finds the issue was appropriately addressed by the facility Administration.
- O Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)
- O Denied, as the transfer denial by the facility/TCO on ____ was reviewed in accordance with transfer procedures and is an administrative decision.
- O Denied as the facility is following the procedures outlined in DR525.
- O Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.
- O Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.
- O Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

Other: ____

FOR THE BOARD: [signature] T. Scott Keen, Administrative Review Board

CONCURRED: [signature] John R. Baldwin, Acting Director TA 2/24/16

CC: Warden, Pontiac Correctional Center

Boswell, D., Register No. R47066

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

***www.illinois.gov/idoc***

A

#D

ILLINOIS DEPARTMENT OF CORRECTIONS

# OFFENDER'S GRIEVANCE

**Date:** 04-24-15 **Offender:** (Please Print) David M. Boswell Jr. **ID#:** K47066

**Present Facility:** Stateville C.C. **Facility where grievance issue occurred:** Stateville C.C.

**NATURE OF GRIEVANCE:**

- ☐ Personal Property ☐ Mail Handling ☐ Restoration of Good Time ☐ ADA Disability Accommodation
- ☐ Staff Conduct ☐ Dietary ☐ Medical Treatment ☐ HIPAA
- ☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator ☐ Other (specify): ______
- ☒ Disciplinary Report: 04 / 03 / 15 (Date of Report) Stateville C.C. (Facility where issued)

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:**

**Counselor**, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer**, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer**, only if **EMERGENCY** grievance.
**Administrative Review Board**, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): I am formally filing this grievance over the disciplinary report issued on 04-03-15 at Stateville C.C. and the subsequent finding of guilt and imposition of punisment by the adjustment committee, and approved by C.A.O. Williams, on 04-07-15. This grievance is in accordance with Title 20 Ill. Adm. Code 504.810 (Filing of Grievances). Per Title 20 Ill. Admn. Code 504.830(c) I am hereby formally requesting to be afforded the opportunity to appear before the Grievance Officer.
Attached to this grievance as exhibits, in support and furtherance of my argument presented in this grievance, are; Exhibit A. A copy of my written statement submitted as a defense to the adjustment committee.; Exhibit B. The original, offender copy, ticket written; and Exhibit C. The Final Summery Report from the (BACK!)

**Relief Requested:** I am hereby requesting that this ticket be thrown out in its entirety, All punishment be nullified, and the ticket and punishment be expunged from my master file. If this is not acceptable I'll be satisfied with either (BACK!)

☐ Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

David M. Boswell Jr. (Offender's Signature) #K47066 (ID#) 04/24/15 (Date)

(Continue on reverse side if necessary)

## Counselor's Response (if applicable)

**Date Received:** ___/___/___ ☐ Send directly to Grievance Officer ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

**Response:** ______

Print Counselor's Name ______ Counselor's Signature ______ Date of Response ___/___/___

## EMERGENCY REVIEW

**Date Received:** ___/___/___ Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature ______ Date ___/___/___

Distribution: Master File; Offender Page 1 DOC 0046 (8/2012)

Printed on Recycled Paper

Confidential! (Exhibit D)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE (Continued)**

Adjustment Committee.
First and foremost I would like to point out, as stated in Exhibit A., that the time
on said ticket, Exhibit B., as the time of the altercation, 11:30pm., is grossly inaccurate
as the last altercation took place around 10pm. and the unmentioned first altercation
was around 9:30pm. Please see Exhibit A. as a furtherance of this argument and also
the summerized statement by C/o Clements #2805 which I signed. This is evidence
that the officer C/o Clements #2805 was well aware of both altercations and their
respective times. Plus it should be noted that had the altercation occurred at 11:30
pm. as is stated it would have been witnessed as cellhouse officers are making their
rounds counting at that time. Also a viewing of cellhouse cameras will confirm that
at 11:30pm., ish, was when I stopped a counting officer to ask for medical attention
for my head, the fight had long since been over. It is for the above reason that this
ticket violates Title 20 Ill. Admn. Code 504.30(d)(2) in that the reporting employee, C/o
Clements #2805, well knew the times and even had the ample opportunity of viewing
cellhouse cameras to see the time C/o Muñoz was stopped at cell F/1-06 and then the C/o
collecting mail passed to get a verification of and a more accurate timeframe than
was testified to, 10pm., of the final altercation which resulted in my head being
busted open with an adaptor in a sock. Not to mention to be able to witness Lt.
Sullivan being stopped when he was going to walk away after passing me my Vegan diet
trey. Furthermore as stated in the writing of the ticket, Exhibit B., this was "an unwi
nessed inmate fight." Then as witnesses C/o Clements #2805 puts down three individuals
who had only an opportunity to view the end results and no knowledge at all of the two altercations them
themselves. This is a violation of Title 20 Ill. Admn. Code 504.30(d)(5), as it falsely states there to
three witnesses when it said clearly the fight was "unwitnessed." This fact is provable by viewing all pertenent doc
mentation that, that to the best of my knowledge because Mr. Maholmes #K72116 claimed he was not givi
a statement, I am the only testifying witness to both fights and the occurrances that night. And I am still more than
willing to be polygraphed to prove the truth of my testimony!
This disciplinary report, Exhibit B., also violates Title 20 Ill. Admn. Code 504.30(d)(3) in that it inaccurately stated th
offense commited as a #301 Fighting offense. According to Title 20 Ill. Admn. Code 504 Appendix A (Offenses Numb
and Deffinitions) at the very least the ticket issued should have been #102 Assaulting Any Person as not only was a
weapon used, an adapter in a sock, but also I sustained serious bodily injury, a head wound that will leave a
permenantly disfiguring scar on my head, along with other injuries. If the argument was to be upheld that I am also guil
because of my need to defend my life, Mr. Maholmes #K72116 and I should have both been charged with, at
the least, #102 Assaulting Any Person. As you see from the deffinition of #301 Fighting, and from the fact that a weapon w
used and serious bodily injury was sustained, See Exhibit A. for further support and arguments as evidence, the char
offense of #301 Fighting then becomes inacurate and patently wrong by deffinition. For this reason Title 20 Ill. Admn. C
504.30(d)(3) was violated.
If I can now direct your attention to Exhibit C., the Final Summery Report, you will see that the informatio
stating that I told C/o Clements #2805, the R/I, that the fight had occurred on the 11-7 shift is plainly a lie and an
viewing of the summerized statement, summerized by C/o Clements #2805 from the lengthy statement I gave him, wh
I signed when told to do so, will prove that contained within the basis for decision is a blatent lie. See my Exhibit
for further arguments to support this and mentions of where to observe evidences. Never once did I ever make any mention
only one altercation nor of any altercation occurring on the 11-7 shift. It is abhorrent that such a lie could be
utilized and relied on in finding me guilty and stripping me of what little liberties I am able to enjoy as an I.D.O
inmate. Plus, furthering this, is how easily any investigation at all would have produced my signed statement a
proven this to be a lie along with the ticket's containing false time information and an inaccurately charged offens
I even have a grievance in currently over staff conduct, which I believe I'll attach and call Exhibit D.,
the willful disregard of Lt. Sullivan and C/o Muñoz, both of 3-11 shift, of my safety and well being which directly
resulted in my sustaining serious bodily harm to my head which will leave a permanently disfiguring scar.
even still have a knot raised up there! Had it not been for the deliberate indifference of these two 3-11 shift offic
no altercation or injuries would have occurred. It is my belief that these lies and deprevations of my my
rights, due process included, are an attemp to cover Lt. Sullivan and C/o Muñoz from their culpability in this
being assaulted and as a result downplay the assault and injuries along with changing the number of fig
and times they occurred.

Relief Requested: a policy change so offenders such as myself in need of protective
custody status be afforded such protective custody status still, even if they are placed i
segregation. Or monitary compensation for the denial and violation of my constitution
rights totalling no less than $20,000.00. Any of these three reliefs will suffice, but nothing le

DOC 0046 (8/2

Distribution: Master File; Offender

Printed on Recycled Paper

STATE OF ILLINOIS )
) SS
COUNTY OF COOK )

Confidential Exhibit

# AFFIDAVIT

I, EDWARD DUSHAWN MAHOLMES, DO HEREBY DECLARE AND AFFIRM THAT THE FOLLOWING INFORMATION WITHIN THIS AFFIDAVIT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND IF CALLED TO TESTIFY UNDER OATH, AM WILLING TO TESTIFY THERETO;

1.) THAT; On March 31st 2015 I was housed at Stateville Correctional Center in Housing Unit "F" on One (1) gallery in cell six (6) with an inmate by the name of Boswell;

2.) That; On March 31st 2015 it came to my knowledge that my cellmate Boswell had provided information to Internal Affairs on other prisoners (that I had no connections to) in the past;

3.) That; This revelation made me uncomfortable because I myself was in segregation under investigation by Internal Affairs (I.A.) as a result of lie from I.A.'s alleged confidential sources (C.S.);

4.) That; We spoke about it and my knowledge about what he'd done made both of us uncomfortable creating mutual paranoia between us both and we agreed that we couldn't co-exist in the cell together;

5.) That; Boswell stopped a correctional officer sometime at approximately 8 p.m. on 3/31/2015 and notified him that he needed to move and that because of our conversation he didn't feel safe being in the cell;

6.) That; I didn't hear a response from whomever he was talking to, but they walked off;

8.) That; Moments later a physical altercation transpired;

9.) That; Another Correctional Officer came by and Boswell notified him that we'd fought and this correctional officer walked off from the door also;

10.) That; Some time later me and Boswell fought again;

11.) That; Boswell notified the security staff during the 11-7 shift about the fights and the injuries and requested medical attention;

12.) That at no time did I [illegible] Internal Affairs or the [illegible] [illegible]

that the physical altercations happened or that they happened on the 11 to 7 shift;

PURSUANT TO 28 USC 1746, 18 USC 1621 OR 735 ILCS 5/1-109, I DECLARE, UNDER PENALTY OF PERJURY, THAT EVERYTHING CONTAINED HEREIN IS TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE AND BELIEF. I DO DECLARE AND AFFIRM THAT THE MATTER AT HAND IS NOT TAKEN EITHER FRIVOLOUSLY OR MALICIOUSLY AND THAT I BELIEVE THE FOREGOING MATTER IS TAKEN IN GOOD FAITH.

SIGNED ON THIS 26TH DAY OF APRIL 2015. X [signature]

EDWARD DUSHAWN MAHOLMES AFFIANT
STATEVILLE C/C
P.O. BOX 112
[illegible]

C

Confidential Statement For Adj. Committee: (Exhibit F)

I am submitting this statement to the adjustment comittie as my defense against the ticket written by C/O J. Clements #2805 on 04-01-15 for #301 fighting. First I'd like to point out that this ticket has been inacurately written. As I am the sole testifying eyewitness of the full and complete events which occurred I suggest to be reviewed and called into evidence my statement given to C/O J. Clements #2805 which he inturn summerized and I signed. As you will surely see the evidence supports my statement.

The time of the first altercation was 9:30 pm. on 03-31-15, and ruffly 10pm. on 03-31-15 for the second altercation. 11:30 pm. was never stated as an altercation time and is absolutely inacurrate! Also this ticket makes no mention of the attempts twice made by myself to be moved for myown safety. These attempts were blatently and willfully disregarded, first by Lt. Sullivan then by C/O Muñoz, both of 3-11 shift. Lastly no mention was made of my head wound being the result of an assault with an adapter in a sock, or the broken piece of adapter I personally gave to C/O J. Clements #2805 to be kept as evidence allong with corroberating photographs of where the pool of blood was at and the blood patterning evidence upon my clothing which showed the blood poured straight downward which is also evidence that I was standing when I was struck and that corrobarates my testimony to having been struck by the adapter in a sock. Plus the pictures of all sustained injuries from that night, and the head wound itself being caused by blunt force trauma is further substantiation of my claims of being assaulted with an adapter in a sock. On top of all of this I am also more than willing to be polygraphed on everything within this statement as it's all true and accurate.

It is unjust to try to sweep my pleas for help and my being assaulted under the rug to downplay what happened. The fact is at the time my vegan diet trey was placed in my chuck by Lt. Sullivan, long after regular treys had been delivered, F-House cameras will show I stopped him from just walking away to speak with him. I informed him that my celly

knew I'd went to X-House to await approval for protective custody because I'd told when I left my former gang and that my celly didn't like that so I needed moved to avoid an altercation. He walked away, saying nothing after I'd restated my need to be moved, and never returned. At 9:30 pm. ish I was attacked and punched in the head which I responded by restraining my celly to prevent further harm to myself. When that was over and I was packing my property I stopped C/o Muñoz as he passed, this also is verifiable by viewing the cellhouse cameras. I told C/o Muñoz about the prior altercation and my feelings that a recurrence was imminent so I needed moved for protection from violence. C/o Muñoz said he'd let Lt. Sullivan know and he too walked off and never returned. Cellhouse cameras are the irrefutable proof that neither Lt. Sullivan nor C/o Muñoz returned. Shortly after C/o Muñoz left but before mail was picked up (see cameras for mail pickup time) I was again assaulted but this time with an adaptor inside a sock. I did fight back but the adaptor could esily have been deadly, neither staff member had done anything to protect me and I have the right to protect my life if it is or has been threatened. All of my injuries are defensive wounds and sustained assault wounds. There are no wounds or marks on myself or on my old celly to place me as the instigator of either altercation. The fact is had Lt. Sullivan not disregarded my plea for safety neither assault would have happened and I'd not have had need to defend my life and safety. And had C/o Muñoz not done likewise my head would not have been split with the adapter in a sock! I have a right to be protected! It is for these reasons and by way of the forementioned evidences that I plead not-guilty and should be found not-guilty of this ticked offense for #301 fighting.

Thank You!

[signature] #K47066

David M. Boswell Jr. 04-06-15 F/1-06



Bruce Rauner
Governor

Exhibit G

John Baldwin
Acting Director

**The Illinois Department of Corrections**

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender Name: Boswell, David
Date: 01/14/2016

Register # R47066

Facility: Pontiac

This is in response to your grievance received on 5/22/2015. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

**Your issue regarding: Grievance dated:** 4/24/15 **Grievance Number:** 1801 **Griev Loc:** Stateville

- O Transfer denied by the Facility or Transfer Coordinator
- O Dietary
- O Personal Property
- O Mailroom/Publications
- O Assignment (job, cell)
- O Commissary
- O Trust Fund
- O Conditions (cell conditions, cleaning supplies)
- X Disciplinary Report dated 4/3/2015 Incident # 201500912/STA
- O Other

**Based on a review of all available information, this office has determined your grievance to be:**

- O Affirmed, Warden ________ is advised to provide a written response of corrective action to this office by ________.
- O Denied, in accordance with DR504F, this is an administrative decision.
- O Denied, this office finds the issue was appropriately addressed by the facility Administration.
- O Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)
- O Denied, as the transfer denial by the facility/TCO on ________ was reviewed in accordance with transfer procedures and is an administrative decision.
- O Denied as the facility is following the procedures outlined in DR525.
- O Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.
- O Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.
- X Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

Other: ________

FOR THE BOARD: Scott Keen
T. Scott Keen
Administrative Review Board

CONCURRED: John Baldwin
John R. Baldwin TA 1/15/16
Acting Director

CC: Warden, Pontiac Correctional Center
Boswell, D., Register No. R47064

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

ILLINOIS DEPARTMENT OF CORRECTIONS
RESPONSE TO COMMITTED PERSON'S GRIEVANCE

F106

**Grievance Officer's Report**

**Date Received:** 4/30/15 **Date of Review:** 5/4/15 **Grievance #** (optional): 1801

**Committed Person:** ***David Boswell*** ID#: R47066

***Nature of Grievance:*** *DR – 201500912/1-STA*

Exhibit H

***Facts Reviewed:*** *Grievant was issued a DR for 301 on 4/1/15 and was found guilty and received one month each c grade, segregation and commissary restriction. He wants the disciplinary report expunged as he claims he requested to be removed from the cell prior to the altercation.*

*Grievance Officer finds there is no notations anywhere indicating grievant requested a cell change prior to the incident. Grievant fails to provide any substantial information for verify his claim. Grievant also states in a statement submitted to the Adjustment Committee that he did fight back.*

*Grievance Officer finds that DR was reviewed and determined by the Adjustment Committee that they are reasonably satisfied of the offender's guilt. Grievance Officer cannot substantiate the incident occurred any other way than reported. DR upheld, disciplinary sanctions and procedures imposed are within max capacity.*

***Recommendation:*** *Based upon a total review of all available information, it is recommended that grievance be DENIED. Unable to substantiate this incident occurred any other way than reported.*

***Anna McBee, CCII*** — Print Grievance Officer's Name
Anna McBee — Grievance Officer's Signature

**(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)**

**Chief Administrative Officer's Response**

**Date Received:** 5/7/15 ☒ I concur ☐ I do not concur ☐ Remand

**Comments:**

Tarry Williams — Chief Administrative Officer's Signature — 5/8/15 Date

**Committed Person's Appeal To The Director**

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. **(Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)**

Committed Person's Signature ID# Date



Exhibit I

To: A.R.B., 05-20-15

I, David M. Boswell Jr. #R47066, am writting and attatching this letter to the grievance, responses and doccuments corrisponding to my grievance over a ticket received over an altercation between myself and a former cellmate. I am writing this in reguards to the Grievance officer's response. No indication's are made of Mrs. McBee having viewed any of the reports, documents, survailance footages or other relavent evidences in support of my grievance. Mrs. McBee also made no mention in her responce as to why the just mentioned evidences were not reviewed or disreguarded or otherwise found not sufficient in reguards to her investigation and responce to my grievance. Furthermore a whole portion(s) of my grievance was overlooked or simply disreguarded as I also grieved the many technical errors in the ticket and summery which violate the Administrative Codes and Due Process Rights that must be kept when proceeding with disciplineary reports and their resulting proceedings. I thank you for your time and for not overlooking these very important factors as Mrs. McBee has.

God Bless!

Sincerely: David M. Boswell Jr.
David M. Boswell Jr.
I.D.O.C. #R47066
Stateville C.C.
P.O. Box 112
Joliet, IL. 60434

Exhibit F

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender Disciplinary Report**

Stateville C.C.
Facility

Date 4/3/15

**Type of Report:** ☒ Disciplinary ☐ Investigative

**Offender Name:** BOSWELL, DAVID **ID #:** R47066

**Observation Date:** 4/1/15 **Approximate Time:** 8:00 ☒ a.m. ☐ p.m. **Location:** SCC Investigations Unit/Unit F-106

**Offense(s): DR 504:** 301 FIGHTING

**Observation:** (NOTE: Each offense identified above must be substantiated.) On Wednesday, April 1, 2015, the Stateville investigations Unit was notified by the 11-7 shift commander, that an unwitnessed inmate fight had occurred during the 11-7 shift on 3/31/15 at approx.. 11:30 pm. Inmate BOSWELL R47066 was observed by security staff to have the following injuries: cut on his forehead and various scratches around his face and neck. He also had scratches on his torso and his back, along with two large bite marks on the right side of his back. BOSWELL was interviewed on 4/1/15 in the Stateville Investigations Unit, by this R/I, and admitted he and his cellmate MAHOLMES K72116 had been in a fight on the 11-7 shift. BOSWELL stated the injuries he displayed were from the fight.

Per OTS BOSWELL and MAHOLMES were cell mates in cell F106 at the time of the incident.

BOSWELL was identified by his ID card.

**Witness(es):** Major J. BURZINSKI, LT. C. BELL, C/O J. ALBERTS

☒ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| J. Clements | 2805 | MClements | 4/3/15 | 9:30 ☒ a.m. ☐ p.m. |
|---|---|---|---|---|
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time |

**Disciplinary Action:**

**Shift Review:** ☒ Temporary Confinement ☐ Investigative Status Reasons: [illegible]

MC 513 — Printed Name and Badge # — Shift Supervisor's Signature (For Transition Centers, Chief Administrative Officer) — Date 4/3/15

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer Comment:

☒ **Major Infraction,** submitted for Hearing Investigator, if necessary and to Adjustment Committee

☐ **Minor Infraction,** submitted to Program Unit

[illegible] 714 — Print Reviewing Officer's Name and Badge # — Reviewing Officer's Signature — Date 4/5/15

☒ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

Jackson 5012 — Print Hearing Investigator's Name and Badge # — Hearing Investigator's Signature — Date 4/5/15

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☒ Check if offender refused to sign ______ Offender's Signature ______ ID#

Jackson — Serving Employee (Print Name) — Badge # 5092 — Signature

4/5/15 — Date Served — 10:41 am — Time Served ☐ a.m. ☐ p.m.

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

______ Offender's Signature ______ ID#

---

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

______ Date of Disciplinary Report ______ Print offender's name ______ ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

______ Print Name of witness ______ Witness badge or ID# ______ Assigned Cell (if applicable) ______ Title (if applicable)

Witness can testify to: ______

______ Print Name of witness ______ Witness badge or ID# ______ Assigned Cell (if applicable) ______ Title (if applicable)

Witness can testify to: ______

*Printed on Recycled Paper*

Distribution: Master File, Offender, Facility (2)

DOC 0317 (Rev. 2/2007)

STATE OF ILLINOIS - DEPARTMENT OF CORRECTIONS

**ADJUSTMENT COMMITTEE**
**FINAL SUMMARY REPORT**

Exhibit K

**Name:** BOSWELL, DAVID **IDOC Number:** R47066 **Race:** WHI
**Hearing Date/Time:** 4/7/2015 09:27 AM **Living Unit:** STA-F-01-06 **Orientation Status:** N/A
**Incident Number:** 201500912/1 - STA **Status:** Final

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 4/1/2015 | 201500912/1-STA | CLEMENTS, JOSHUA J | F HOUSE | 08:00 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 301 | Fighting<br>*Comments:INMATE MAHOLMES K72116* | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|

**No Witness Requested**

## RECORD OF PROCEEDINGS

Inmate Boswell R47066 present and DR read. Inmate Boswell R47066 gave the committee a written statement in which he pleads not guilty but says two altercations took place and he fought back to protect himself.

## BASIS FOR DECISION

Inmate Boswell R47066 was observed by security staff with the following injuries: a cut on his forehead and various scratches around his face and neck, along with scratches on his torso and back. Inmate Boswell also had two bite marks on the right side of his back.
Inmate Boswell R47066 told R/I that him and his cell mate Maholmes K72116 had been in a fight on the 11-7 shift and the injuries he had was from the fight.
OTS verified that inmate Maholmes K72116 and inmate Boswell R47066 both occupied cell F106 at the time of the incident.
Inmate Boswell R47066 was identified by his state issued id.
Inmate Boswell R47066 gave a written statement to the committee told the committee that him and Maholmes had two different altercations.
The committee is satisfied that inmate Boswell R47066 did in fact violate the charge of 301.

## DISCIPLINARY ACTION *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| 1 Months C Grade | 1 Months C Grade |
| 1 Months Segregation | 1 Months Segregation |
| 1 Months Commissary Restriction | 1 Months Commissary Restriction |

**Basis for Discipline:NATURE OF OFFENSE**

## Signatures

**Hearing Committee**

| | Signature | Date | Race |
|---|---|---|---|
| WRIGHT, CLARENCE D - Chair Person | [signature] | 04/07/15 | BLK |
| SANDERS, SYTERA L | [signature] | 04/07/15 | BLK |

Recommended Action Approved

**Final Comments:** N/A

Run Date: 4/9/2015 11:53:13

STATE OF ILLINOIS - DEPARTMENT OF CORRECTIONS

**ADJUSTMENT COMMITTEE**
**FINAL SUMMARY REPORT**

Exhibit K

**Name:** BOSWELL, DAVID **IDOC Number:** R47066 **Race:** WHI

**Hearing Date/Time:** 4/7/2015 09:27 AM **Living Unit:** STA-F-01-06 **Orientation Status:** N/A

**Incident Number:** 201500912/1 - STA **Status:** Final

TARRY D WILLIAMS / NRL 4/8/2015 — **Chief Administrative Officer**

[signature] — **Signature**

04/08/15 — **Date**

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

[signature] — **Employee Serving Copy to Committed Person**

4/22/15 2p [signature] — **When Served - - Date and Time**

Run Date: 4/9/2015 11:53:13

Exhibit C

# Freedom Of Info. Request:

I'd like to request the following under the Freedom Of Information Act:

- Badge Numbers For: Lt. Sullivan (2nd shift F-House)
  C/O Muñoz (2nd shift F-House)
- Disciplinary History and record of Complaints Against:
  Lt. Sullivan (2nd Shift F-House Lt.)
  C/O Muñoz (2nd Shift F-House C/O)
- Video Survalience Footage From F-House Cameras/Hallway Cameras Leading From F-House To Health Care Unit On 03-31-15 At 5pm Through 04-01-15 At 2:30Am. (Due to inability of offender to physically possess hard coppies of requested survailance footage, requested footage is to be mailed to the following outside individual at requesting offender's expense:

  Carolyn S. Williams
  4425 Hwy. 82A
  Tahlequah, Ok. 74464
  Home #: (918) 431-0036, + Cell #: (918) 776-7494)
- Photographs of injuries of David M. Boswell Jr. #R47066, requesting individual, taken after altercation on 03-31-15 while in Health Care unit for treatment.
- Photographs of Cell # F/1-06 documenting appearance of cell, blood, items in cell, and cell in general after altercation occurred between inmate David M. Boswell Jr. #R47066, requesting individual, and his cellmate on 03-31-15.
- All reports written in reguards to the altercation on

03-31-15 between inmate David M. Boswell Jr. #R47066, requesting individual, and his cellmate, and any related documentations pertaining to the altercation which occurred on 03-31-15.

It should be noted that for the purpose of this request, ALL of individual's personal information contained in the requested documents is TO BE REDACTED.

It should also be noted that for the purpose of this request any materials or documents not allowed, by safety and security reasons, to be given to requesting individual, David M. Boswell Jr. #R47066, is hereby requested to be mailed at requesting individual's expense to the following person:

Carolyn S. Williams
4425 Hwy. 82A
Tahlequah, Ok. 74464
Home #: (918) 431-0036; + Cell #: (918) 776-7494

Thank You!

Requesting Individual:
[signature]
David M. Boswell Jr.
I.D.O.C. # R47066
Current Cell Location: F/1-06
04-07-15



**Illinois Department of Corrections**

**Bruce Rauner**
Governor

**Donald Stolworthy**
Director

**1301 Concordia Court • P.O. Box 19277**
**Springfield IL 62794-9277**

**Telephone: (217) 558-2200**
**TDD: (800) 526-0844**

April 16, 2015

David Boswell, R47066
Stateville Correctional Center
P.O. Box 112
Joliet, IL 60434

**Re: Freedom of Information Act Request #150413141**

Dear Mr. Boswell:

This letter is in response to your request to the Illinois Department of Corrections ("IDOC") for information pursuant to the Illinois Freedom of Information Act, 5 ILCS 140/1, et seq. You have requested the following:

1. Badge numbers, Disciplinary history and record of complaints against two staff members.

2. Video surveillance from F-House from March 31, 2015 through April 1, 2015.

Response: Your requests are denied pursuant to Section 7(1)(e-6) of the Freedom of Information Act which exempts the release of "records requested by persons committed to the Department of Corrections if those materials include records from staff members' personnel files, staff rosters, or other staffing assignment information."

3. Photographs from March 31, 2015 incident after altercation.

4. Photograph of cell after inmate altercation on March 31, 2015.

Response: The records you seek are denied pursuant to Section 7(1)(e) of the Freedom of Information Act, which exempts the release of "Records that relate to or affect the security of correctional institutions and detention facilities." Reports detailing violence amongst inmates relate to the security of a correctional facility due to measures staff must take after such an incident. Such measures include putting a facility on lockdown, separating the inmates into administrative detention to prevent further incidents and initiating an investigation into the matter.

You have a right to have the denial reviewed by the Public Access Counselor (PAC) at the Office of the Illinois Attorney General, pursuant to 5 ILCS 140/9.5(a). You can file your request for review with the PAC to:

Public Access Counselor



Office of the Attorney General
500 South 2nd Street
Springfield, Illinois 62706

You also have the right to seek judicial review of your denial by filing a lawsuit in the state circuit court, pursuant to 5 ILCS 140/11.

If you choose to file a request for review with the PAC, you must do so within 60 calendar days of the date of this denial letter (5 ILCS 140/9.5(a)). Please note that you must include a copy of your original FOIA request and this denial letter when filing a request for review with the PAC.

Sincerely,

Millicent Bliesener
Office Associate
Freedom of Information Office

Exhibit 8 N

To: Public Access Counselor, 04-24-15

Re: Request For Info. (F.O.I.A.) Denial To Be Reviewed.

Enclosed is a photocopy of the handwritten request sent to the F.O.I. Officer here at Stateville C.C. The request was handwritten because no form to fill out and file was provided and it has been an acceptable form of requesting information under the F.O.I.A. in the past. I am also including a copy of the request denial letter.

You will see that the things stated as my requests in the denial letter and the actual things requested are not quite the same as my request is more spacific and one of my requests is not even mentioned. The unmentioned request being: "All reports written in reguards to the altercation on 03-31-15 between inmate David M. Boswell Jr. #R47066, requesting individual, and his cellmate, and any related documents pertaining to the altercation which occurred on 03-31-15."

You will also notice that in my request I requested no personal information, and expected it to be redacted, and all materials I am not allowed to obtain as an incarcerated offender was to be mailed at my expense to my mother Carolyn S. Williams. So long as a regular citizen is permitted to possess and request the info. requested there is no reason for it not to be mailed to her at the address provided.

This request is for the purpose of obtaining information and evidence to be utilized in upcoming litigation. I currently have no attorney but am awaiting responses from two. This is not a frivilous request!

Thank You!

Sincerely: [signature]

David M. Boswell Jr. #R47066
Stateville C.C.
P.O. Box 112
Joliet, IL. 60434

OFFICE OF THE ATTORNEY GENERAL
STATE OF ILLINOIS

Lisa Madigan
ATTORNEY GENERAL

April 22, 2016

Mr. David Boswell, R47066
Pontiac Correctional Center
PO Box 99
Pontiac, Illinois 61764

RE: FOIA Request for Review – 2016 PAC 35024; IDOC # 150413141

Dear Mr. Boswell:

The Public Access Bureau has received the enclosed response to your Request for Review from the Illinois Department of Corrections (IDOC). Additional confidential documents provided to the Public Access Counselor have been withheld.

You may, but are not required to, reply in writing to the public body's response. If you choose to reply, you must submit your reply to this office within 7 working days of your receipt of this letter. 5 ILCS 140/9.5(d) (West 2014). Please send a copy of your reply to IDOC as well.

If you have questions about this matter, please contact me at (217) 785-7438.

Very truly yours,

Christopher R. Boggs

CHRISTOPHER R. BOGGS
Assistant Attorney General
Public Access Bureau

Enclosure

cc: Mr. Joel Diers (will receive letter only)
Illinois Department of Corrections
1301 Concordia Court
PO Box 19277
Springfield, Illinois 62794



Bruce Rauner
Governor

John Baldwin
Acting Director

**The Illinois Department of Corrections**

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

April 21, 2016

Mr. Christopher Boggs
Assistant Public Access Counselor
Office of the Illinois Attorney General
500 South Second Street
Springfield, IL 62706

Re: Request for Review 2015 PAC 35024 (IDOC #150413141)

Dear Mr. Boggs:

Please accept this as our response to the Request for Review submitted by David Boswell. Mr. Boswell requested personnel record information of two Illinois Department of Corrections ("IDOC") staff members as well as video and photographs from a March 31, 2015 incident.

First, IDOC denied Mr. Boswell's request for staff members personnel records pursuant to Section 7(1)(e-6) of the Freedom of Information Act which exempts the release of "records requested by persons committed to the Department of Corrections if those materials include records from staff members' personnel files, staff rosters, or other staffing assignment information" (5 ILCS 140/7(1)(e-6)). Mr. Boswell is a current IDOC inmate and the records he seeks are maintained in the staff's personnel files.

The Gene ralAssembly intended this exemption to preclude inmates from possessing staff information. "I also stand in support of this. I don't see why anyone would have to get the records for... from staff member's personnel files. I think it's only used as a threat." Remarks of Rep. Mulligan, March 8, 2012, House Debate on House Bill No. 4592, at 62

Staff records and assignment information can be misused in a variety of ways by inmates against staff members who are charged with providing essential services to the inmates. It appears from the transcripts that the General Assembly intended the names and assignment information to be guarded very closely when dealing with inmates.

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

***www.illinois.gov/idoc***

Exhibit O

In regards to the video and photographs requested by Mr. Boswell, IDOC only possess photographs taken of Mr. Boswell. I have attached un-redacted copies of these photos for your confidential review. There was no video or photos taken of the cell.

IDOC denied M. Boswell's request for these photos pursuant to Section 7(1)(e) of the Freedom of Information Act, which provides "Records that relate to or affect the security of correctional institutions and detention facilities" (5 ILCS 140/7(1)(e)).

As stated previously the responsive records consist of photos of Mr. Boswell after an altercation. Preventing violent confrontations is a large part of ensuring a secure environment within a correctional facility. These records relate to that security by detailing the events which occurred on March 31, 2015. Incidents like this one usually necessitate a facility being placed on "Lockdown" status which severely limits the movement of the inmate population due to the dangers involved. IDOC believes these records relate to and affect the security of a correctional facility. In addition when violent incidents occur in correctional facilities additional security staff must respond to the incident to secure the scene. This response leaves other areas inside the facility more vulnerable.

Black's Law Dictionary defines relate as: "To stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection to." Relying on the plain language of the statute, there is little question that these documents relate to the security of a correctional facility as set forth in the Illinois FOIA Statute, 5 ILCS 140/7(1)(e). In addition, IDOC believes that a release of these policies jeopardizes the safety of staff by releasing security techniques utilized by them to the public.

IDOC would like to point out that case law has discussed the need for prison authorities to be given broad latitude in preserving the security of a correctional facility. The United States Supreme Court recognized the need to give correctional facilities the leeway they need to keep facilities safe stating "because the problems that arise in the daily operation of a corrections facility are not susceptible to easy solutions, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security" (Bell v. Wolfish, 441 U.S. 520 at 547, 99 S.Ct. at 1878, 60 L.Ed.2d at 474). It would stand to reason that if the courts believe prison administrators should be given deference in managing their prisons that the Illinois General Assembly certainly intended Section 7(1)(e) to be interpreted broadly.

The Public Access Counselor has previously found that Section 7(1)(e) requires IDOC show that the records pose a security threat because most of its records do relate to the security of correctional facilities. This type of reading ignores both the plain language and intent of the Legislature in enacting Section 7(1)(e)). It is clear that the General Assembly intended that IDOC have broad discretion in the dissemination of its records due to extremely sensitive

Exhibit O

issues it faces in housing dangerous individuals. IDOC does not believe it must show that the records pose a threat to the security of a correctional facility rather the plain language allows for a mere relation to the security of a correctional facility.

In interpreting a statute, the primary rule, to which all other rules are subordinate, is to ascertain and give effect to the true intent and meaning of the legislature. ( People v. Goins (1988), 119 Ill.2d 259, 265, 116 Ill.Dec. 193, 518 N.E.2d 1014; Metropolitan Life Insurance Co. v. Washburn (1986), 112 Ill.2d 486, 492, 98 Ill.Dec. 50, 493 N.E.2d 1071.) Legislative intent is best evidenced by the language used by the legislature, and where an enactment is clear and unambiguous a court is not at liberty to depart from the plain language and meaning of the statute by reading into it exceptions, limitations or conditions that the legislature did not express. ( Goins, 119 Ill.2d at 265, 116 Ill.Dec. 193, 518 N.E.2d 1014; Certain Taxpayers v. Sheahen (1970), 45 Ill.2d 75, 84, 256 N.E.2d 758; Harvey Firemen's Association v. City of Harvey (1979), 75 Ill.2d 358, 363, 27 Ill.Dec. 339, 389 N.E.2d 151.)In the present case section 7(1)(e) allow a public body to deny a request if the records either relate to or affect the security of a correctional facility.

The Illinois Supreme Court has rejected attempts to rewrite a statute, "We cannot, under the guise of statutory interpretation, remedy an apparent legislative oversight by rewriting a statute in a way 163 that is inconsistent with its clear and unambiguous language" Pullen, 192 Ill.2d at 42, 248 Ill.Dec. 237, 733 N.E.2d 1235.

Joel M. Diers
Freedom of Information Office

Enclosure

15

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
OCT 30 2017
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| DAVID M. BOSWELL, JR., Plaintiff, | CASE NO.: # 1:16-cv-09070 |
| -vs- | |
| LT. SULLIVAN, et al., Defendants. | THE HONORABLE, JOHN ROBERT BLAKEY, JUDGE PRESIDING. |

NOTICE OF FILING:

I, David M. Boswell Jr., I.D.O.C. # R47066, Plaintiff, pro-se, do hereby give notice that on the date of 10-24-17, this Petitioner has placed into the Pontiac Corr. Center mailing system, addressed to: Office Of Clerk Of The U.S. District Court, United States Court House, 219 South Dearborn Street, Chicago, Il. 60604; Three coppies of the attached Ammended Title 42 Section 1983 Complaint, one copy (original) for the Court, ~~one copy~~

and for the other two to be stamped filed and forwarded to the following individuals and addresses:

To: Megan Honingford, Attorney General's Office, 100 West Randolph Street, Chicago, IL. 60601

To: David M. Boswell Jr., I.D.O.C.# R47066, Pontiac Corr. Cntr., P.O. Box 99, Pontiac, IL. 61764

The envelope all of this has been placed in has had a signed and fully filled out money voucher for payment of postage to be debeted against my inmate trust account as is required for mailing out manilla envelopes here at Pontiac Corr. Center.

Signed This 22nd day of October, 2017.

David M. Boswell Jr.
(Plaintiff)

David M. Boswell Jr.
I.D.O.C.# R47066
Pontiac Corr. Cntr.
P.O. Box 99
Pontiac, IL. 61764

David M. Boswell Jr.
I.D.O.C. #R47066
Pontiac Corr. Cntr.
P.O. Box 99
Pontiac, IL. 61764

CORRESPONDENCE FROM AN INMATE OF ILLINOIS DEPT OF CORRECTIONS

Hasler
10/25/2017
US POSTAGE $007.20⁰
PRIORITY MAIL

ZIP 61764
011D12603888

RECEIVED

OCT 30 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Office Of The Clerk
Of The U.S. District Court
United States Court House
219 South Dearborn Street
Chicago, IL 60604

LEGAL LEGAL LEGAL

LEGAL